# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 19-278V
UNPUBLISHED

CHRISTOPHER DAWSON,

                Petitioner,

v.

SECRETARY OF HEALTH AND
HUMAN SERVICES,

                Respondent.

Chief Special Master Corcoran

Filed: January 13, 2022

Special Processing Unit (SPU);
Damages Decision Based on Proffer;
Influenza (Flu) Vaccine; Shoulder
Injury Related to Vaccine
Administration (SIRVA)

*Jerome A. Konkel, Samster Konkel and Safran, Wauwatosa, WI, for Petitioner.*

*Claudia Barnes Gangi, U.S. Department of Justice, Washington, DC, for Respondent.*

## DECISION AWARDING DAMAGES[1]

On February 21, 2019, Christopher Dawson filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that he suffered a Shoulder Injury Related to Vaccine Administration (SIRVA) as a result of his December 28, 2016 influenza ("flu") vaccination. Petition at ¶¶13-14. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On November 4, 2021, a ruling on entitlement was issued, finding Petitioner entitled to compensation for SIRVA. On January 12, 2022, Respondent filed a proffer on award of compensation ("Proffer") indicating Petitioner should be awarded $55,000.00. Proffer at 2. In the Proffer, Respondent represented that Petitioner agrees with the

---

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

proffered award. *Id.* Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **I award Petitioner a lump sum payment of $55,000.00 in the form of a check payable to Petitioner.** This amount represents compensation for all damages that would be available under Section 15(a).

The clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

<u>**s/Brian H. Corcoran**</u>
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
# OFFICE OF SPECIAL MASTERS

_____
)
CHRISTOPHER DAWSON,             )
                                   )
          Petitioner,          )
                                   )     No. 19-278V
     v.                        )     Chief Special Master Corcoran
                                   )     ECF
SECRETARY OF HEALTH AND    )
HUMAN SERVICES,             )
                                   )
          Respondent.      )
_____)

## PROFFER ON AWARD OF COMPENSATION

On February 21, 2019, Christopher Dawson ("petitioner") filed a petition for compensation under the National Childhood Vaccine Injury Act. *See* 42 U.S.C. §§ 300aa-10 to -34 ("Vaccine Act" or "Act"). Petitioner alleges that he suffered from a left shoulder injury related to vaccine administration ("SIRVA") following his receipt of an influenza vaccine on December 28, 2016. Petition at 1, 5. On September 8, 2020, respondent filed a Rule 4(c) Report seeking dismissal of the petition. ECF No. 26. Following briefing, the Chief Special Master issued a Ruling on Entitlement on November 4, 2021, finding that petitioner has demonstrated preponderant evidence of entitlement to compensation under the Vaccine Act, and that petitioner is therefore entitled to compensation in this case.[1] ECF No. 29.

## I.    Items of Compensation

Based upon the evidence of record, respondent proffers that petitioner should be awarded

---

[1] Respondent has no objection to the amount of the proffered award of damages set forth herein. Assuming the Chief Special Master issues a damages decision in conformity with this proffer, respondent waives his right to seek review of such damages decision. However, respondent reserves his right, pursuant to 42 U.S.C. § 300aa-12(e), to seek review of the Chief Special Master's November 4, 2021 entitlement decision.

$55,000.00, which represents all elements of compensation to which petitioner would be entitled under 42 U.S.C. § 300aa-15(a).[2] Petitioner agrees.

## II.     Form of the Award

Petitioner is a competent adult. Evidence of guardianship is not required in this case. Respondent recommends that the compensation provided to petitioner should be made through a lump sum payment of $55,000.00, in the form of a check payable to petitioner. Petitioner agrees.

Respectfully submitted,

BRIAN M. BOYNTON
Acting Assistant Attorney General

C. SALVATORE D'ALESSIO
Acting Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Deputy Director
Torts Branch, Civil Division

LARA A. ENGLUND
Assistant Director
Torts Branch, Civil Division

/s/ Claudia B. Gangi
CLAUDIA B. GANGI
Senior Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C. 20044-0146
Tel.: (202) 616-4138
Email: claudia.gangi@usdoj.gov

Dated: January 12, 2022

---

[2] Should petitioner die prior to the entry of judgment, the parties reserve the right to move the Court for appropriate relief. In particular, respondent would oppose any award for future medical expenses, future lost earnings, and future pain and suffering.